**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KENNETH BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-02315-SHL-atc |
| | ) | |
| JOHNNY FITZ, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PENDING MOTIONS
(ECF Nos. 63, 65, 68, 71, 72)**

Before the Court are the following motions and documents filed by Petitioner, Kenneth Brown: (i) an Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Sixth Amended § 2254 Petition"), (ECF No. 62); (ii) a Motion for Relief from Court's Order In-Part Denying Amendments and In-Part Directing Compliance with Court's Requisites for Amendments ("Motion for Reconsideration"), (ECF No. 63); (iii) a Motion for Leave to Amend or Supplement Original Inadequate Petition Filed by First Former Habeas Counsel Robert Golder ("Motion to Amend or Supplement § 2254 Petition"), (ECF No. 65); (iv) a Motion Showing Cause and Prejudice to Overcome Default of Claims 4-8 of First Amended 2254 Petition (Amended version) ("Motion Showing Cause and Prejudice"), (ECF No. 68); (v) a document titled First Amended 28 U.S.C. 2254 Petition for Writ of Habeas Corpus ("Seventh Amended § 2254 Petition"), (ECF No. 69); (vi) a Motion to Hold the Instant Habeas Corpus Proceedings in Abeyance in Order to Allow Petitioner to Exhaust Other Viable and Unadjudicated Federal Constitutional Claims in His Pending State Court Collateral Attack Proceedings ("First Motion to Hold in Abeyance"), (ECF No. 71); and (vii) another Motion to Hold the Instant Habeas

Corpus Proceedings in Abeyance in Order to Allow Petitioner to Exhaust Other Viable and Unadjudicated Federal Constitutional Claims in His Pending State Court Collateral Attack Proceeding ("Second Motion to Hold in Abeyance"), (ECF No. 72).   For the reasons stated below, the Court **DENIES** the pending motions with prejudice.

## I.    PROCEDURAL HISTORY

Brown was convicted in the Criminal Court for Shelby County, Tennessee of the first degree murder of Kimberly Jamerson and of, *inter alia*, twelve counts of attempted first degree murder.   He was sentenced to life imprisonment for the murder and to a consecutive sentence of 308 years for the other offenses.   The Tennessee Court of Criminal Appeals ("TCCA") affirmed. *State v. Brown*, No. W2013-00329-CCA-R3-CD, 2014 WL 5092906, at *18 (Tenn. Crim. App. Oct. 9, 2014) ("*Brown I*").   Later, the TCCA affirmed the denial of the post-conviction petition and further held that Brown was not entitled to a second post-conviction hearing.   *Brown v. State*, No. W2017-01755-CCA-R3-PC, 2019 WL 931735, at *14 (Tenn. Crim. App. Feb. 22, 2019) ("*Brown II*").

On April 27, 2020, Brown, through counsel, Robert Harris Golder, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition").   The petition presents the following claims:

1.    Denial of right to compulsory process due to the trial court's failure to compel the production of Beatrice Vaulx or, alternatively, due to the ineffective assistance of trial counsel in failing to subpoena Vaulx or demand a material witness warrant, (ECF No. 1 at PageID 4-7);

2.    Admission of involuntary confession, (*id.* at PageID 7-9); and

3.    Omission of jury instruction on proximate cause of death, including that counsel was ineffective in failing to request such an instruction, (*id.* at PageID 9-12).

2

The case was dismissed without prejudice on September 3, 2020, after counsel failed to file an *in forma pauperis* affidavit or to pay the filing fee.   (ECF Nos. 6, 7.)   On September 22, 2022, the Court granted Brown's motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b)(6), because of egregious attorney misconduct and directed the Warden, Johnny Fitz, to file the state court record and a response to the § 2254 Petition.   (ECF No. 38.) Fitz filed the record on November 17, 2022, and his Answer to Petition for Writ of Habeas Corpus ("Answer") on November 21, 2022.   (ECF Nos. 42, 43.)   Brown, through his second retained counsel, Luke Evans, filed a Reply to Answer to Petition for Writ of Habeas Corpus ("Reply") on January 19, 2023.   (ECF No. 46.)   Then, on February 16, 2023, the Warden filed his Sur-Reply, for which he had received leave of Court.   (ECF No. 49.)

On February 17, 2023, Brown filed his Motion to Withdraw Current Former Counsel Luke Evans; to Grant Pro Se Petitioner Leave to Amend or Supplement Original Inadequate Petition Filed by First Former Habeas Counsel Robert Golder; and to Direct Respondent to Address All Claims and Arguments of New Amended Petition in Her Now Pending Sur-Reply ("Motion for Counsel to Withdraw and Third Motion for Leave to Amend") and his Motion to Compel Court Clerks Office to File All of Petitioner's Pro Se Pleadings and Motion to Compel Court to Modify the Docket to Reflect that Petitioner Is Proceeding Pro Se ("Motion to Compel Clerk and to Modify the Docket").   (ECF Nos. 50, 51.)   On February 22, 2023, Evans filed a Motion to Withdraw. (ECF No. 52.)   Also on February 22, 2023, Brown filed his Notice to Court that Petitioner Preserves His Right and Ability to Reply and Motion to Supplement/Amend Reply and for Leave to Amend 2254 Petition ("Motion to Supplement or Amend Reply").   (ECF No. 53.)

On March 6, 2023, Brown filed his proposed Amended 28 U.S.C. 2254 Petition for Writ of Habeas Corpus, the fourth such filing ("Fourth Amended § 2254 Petition").   (ECF No. 54).

3

On March 9, 2023, the Court granted Evans's Motion to Withdraw.   (ECF No. 55.)   On March 29, 2023, Brown filed a Motion for Leave to File Second [sic] Amended 28 U.S.C. 2254 Petition for Writ of Habeas Corpus, Including Five (5) Substantial IATC Claims; Defaulted but Excusable: Memorandum of Law ("Motion for Leave to File Fifth Amended § 2254 Petition").   (ECF No. 57.)

On May 17, 2023, the Court denied each of the pending motions ("May 17 Order").   (ECF No. 60.)   In doing so, the Court noted that Brown had failed to comply with the instruction that he submit a single list of the claims that he intends to pursue.   (*Id.* at PageID 3866-67.)   The Court also concluded that the claims presented in Brown's various amendments are not legally viable.   (*Id.* at PageID 3857, 3869-73, 3875-80.)   As the Court stated, "Brown has been given an opportunity to amend, and every proposed new claim is either factually or legally insufficient." (*Id.* at PageID 3880.)

Undaunted, Brown has continued to file both motions and proposed amendments.   On May 30, 2023, Brown filed his proposed Sixth Amended § 2254 Petition, which presents the following claims:

1. "STATE COURT'S OPINION THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN THAT COUNSEL FAILED TO REQUEST INSTRUCTION ON CAUSATION WAS (1) CONTRARY TO AND INVOLVED AN UNREASONABLE APPLICATION OF STRICKLAND v WASHINGTON and BRECHT v ABRAHAMSON; and (2) WAS BASED UPON AN UNREASONABLE DETERMINATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN STATE COURT," (ECF No. 62 at PageID 3890);

2. "PETITIONER'S FIRST DEGREE MURDER CONVICTIONS [sic] IS BASED ON INSUFFICIENT EVIDENCE AND VIOLATE DUE PROCESS OF LAW; AND THE STATE COURT'S OPINION AFFIRMING IS BASED ON UNREASONABLE DETERMINATION CONTRARY TO AND UNREASONABLE APPLICATION OF JACKSON V VIRGINIA," (*id.* at PageID 3891);

3.      "TRIAL COUNSEL IS INEFFECTIVE FOR FAILING TO SUBPOENA TBI
        AGENT RUSSELL DAVIS AND THE GSRK [GUNSHOT RESIDUE TEST]
        RESULTS IN SUPPORT OF BROWN'S DEFENSE; AND THE STATE
        COURT'S DETERMINATION WAS OBJECTIVELY UNREASONABLE,"
        (*id.* at PageID 3893);

4.      "PETITIONER SUFFERED INEFFECTIVE ASSISTANCE OF APPELLATE
        COUNSEL WHEN APPELLATE COUNSEL JUNI GANGULI []DEVIATED
        FROM THE CLAIMS RAISED ON MOTION FOR NEW TRIAL; AND
        []OVERRODE THE TRIAL DEFENSE AND FACTS ADDUCED AT
        TRIAL," (*id.* at PageID 3896);

5.      "PETITIONER WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF
        COUNSEL IN THAT TRIAL COUNSEL FAILED TO INVESTIGATE AND
        SEEK PRODUCTION OF MATERIAL FINGERPRINT EVIDENCE FROM
        THE RIFLE CASINGS RECOVERED NEAR KIMBERLY JAMERSON'S
        BODY," (*id.* at PageID 3897);

6.      "PETITIONER WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF
        COUNSEL IN THAT TRIAL COUNSEL FAILED TO INVESTIGATE AND
        REQUEST VICTIM'S GUNSHOT-RESIDUE TEST RESULT WHICH IS
        MATERIAL AND MAY HAVE BEEN FAVORABLE TO THE DEFENSE,"
        (*id.* at PageID 3899);

7.      "TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOTION FOR
        NEW TRIAL OR ACQUITTAL BASED ON PREJUDICIAL PHOTO LINEUP
        IDENTIFYING KENNETH AS KILLER OF KIMBERLY JAMERSON; AND
        FOR FAILURE TO CONTEMPORANEOUSLY MOTION PRETRIAL TO
        SUPPRESS AS IRREPARABLE MISIDENTIFICATION EVIDENCE," (*id.* at
        PageID 3901); and

8.      "POST-CONVICTION COUNSEL FAILED TO ALLEGE AND ARGUE
        THAT TRIAL COU NSEL [sic] WAS INEFFECTIVE FOR FAILING TO
        ARGUE THAT THE DETECTIVES FAILED TO 'SCRUPULOUSLY
        HONOR' PETITIONER'S RIGHT TO REMAIN SILENT," (*id.* at PageID
        3903).

ECF No. 62 did not supply facts supporting any of these claims.  The Sixth Amended § 2254

Petition refers to an attachment, but no attachment was submitted.

Also on May 30, 2023, Brown filed his Motion for Reconsideration and his Motion to

Amend or Supplement § 2254 Petition, each of which is accompanied by a legal memorandum.

(ECF Nos. 63, 64, 65, 66.)   He also filed his own factual affidavit that day, along with his Motion

Showing Cause and Prejudice, and his proposed Seventh Amended § 2254 Petition, which, despite the title, appears to constitute the factual support for the Sixth Amended § 2254 Petition.   (ECF Nos. 67, 68, 69.)

On July 31, 2023, Brown filed his First Motion to Hold in Abeyance.   (ECF No. 71.) Lastly, on August 16, 2023, Brown filed his Second Motion to Hold in Abeyance.   (ECF No. 72.)

## II.   PENDING MOTIONS AND FILINGS

Brown has filed numerous, confusing, and repetitive motions, and has disregarded Local Rule 7.2(e), which limits the length of legal memoranda to twenty (20) pages, excluding the caption and signature block, without leave of Court.   To expedite this matter, the Court will accept Brown's filings **in this instance only.**   The Court will first address whether Brown is entitled to amend his petition to raise the eight claims presented in the Sixth Amended § 2254 Petition, followed by consideration of his remaining motions.

### A.   Motion for Leave to Amend (ECF No. 65)

As previously stated, Brown seeks leave to file his Sixth Amended § 2254 Petition, as supplemented by his Seventh Amended § 2254 Petition.   (ECF Nos. 62, 69.)   Those petitions present eight claims, *see supra* pp. 4-5, some of which were included in the proposed Fifth Amended § 2254 Petition, which the Court previously rejected as deficient.   Although Brown has refiled some of the claims that were previously presented, he has failed to overcome the deficiencies in those claims.

**Claim 1** argues that trial counsel rendered ineffective assistance by failing to request a jury instruction on the proximate cause of death.   Brown exhausted Claim 1 during the post-conviction proceeding.   The TCCA denied relief on the merits.   *Brown II*, 2019 WL 931735, at *1, 9-11.

Claim 1 was included in Brown's original § 2254 Petition as Claim 3.   No amendment is required to present this claim.

**Claim 2** argues that there is insufficient evidence to support Brown's conviction for first degree murder.   Specifically, Brown argues that (1) "the evidence adduced at trial failed to prove beyond a reasonable doubt that [Kimberly Jamerson] was not shot from her own location at Northmeade" and (2) "the structure of the trial process was so fundamentally flawed that it is legally impossible to arrive at the point where the facts meet the essential elements of the charging instruments [charged offenses]."   (ECF No. 69 at PageID 3999 (emphasis omitted).)   On direct appeal, Brown exhausted a claim that the evidence was insufficient to support his conviction for first degree murder because (1) there was no evidence that Brown intended to kill Jamerson and (2) Jamerson may have been killed by one of the Chambers brothers, who admitted to firing at the attackers.   (ECF No. 42-28 at PageID 2998, 3000-02.)   Even if it is assumed that Brown's Claim 2 is identical to the claim he exhausted in state court, that claim was not included in his original § 2254 Petition or in any amendment filed during the limitations period.   The claim was presented in the proposed Fourth Amended § 2254 Petition.   (ECF No. 54 at PageID 3660.)   In the May 17 Order, the Court held that that proposed amendment was time barred.   (ECF No. 60 at PageID 3878-79.)[1]

Brown also argues, relying on *Holland v. Florida*, 560 U.S. 631 (2010), that he is entitled to equitable tolling due to the misconduct of his two retained attorneys.   (ECF No. 66 at PageID 3937-45.)   However, this case differs from *Holland* in important respects.   Golder, Brown's first attorney, committed misconduct by failing to pay the habeas filing fee.   Unlike the attorney in

---

[1] Brown's argument to the contrary about relation back is not persuasive.   (*See* ECF No. 66 at PageID 3932-34.)

*Holland*, however, he did not abandon Brown.   He filed a timely § 2254 Petition that contained claims that had been exhausted in state court.   He also attempted to cure his deficiency by filing a new habeas action, Case Number 20-2817, and paying the filing fee.

Golder and Evans did not commit misconduct by failing to assert all the claims urged by Brown.   A client is "accountable for the acts and omissions of [his] chosen counsel."   *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993).   This rule applies in the habeas context, even to capital cases.   S*ee Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991).   Because there was no abandonment, Brown is not entitled to litigate the claims that Golder and Evans did not assert.   "The ultimate decision about what claims to raise lies with counsel, and the failure to raise even a colorable claim, while perhaps amounting to ineffective assistance, cannot sever the attorney-client relationship."   *Young v. Westbrooks*, 702 F. App'x 255, 266 (6th Cir. 2017) (citation omitted).   Leave to amend to assert Claim 2 is **DENIED**.

**Claim 3** argues that trial counsel rendered ineffective assistance by failing to subpoena TBI Agent Russell Davis to testify and to subpoena the gunshot residue test results on Felix Williams.   (ECF No. 69 at PageID 4020.)   In the post-conviction proceeding, Brown exhausted a claim that trial counsel was ineffective in failing to call Agent Davis to testify at trial about gunshot residue tests conducted on Mark Chambers, Nakia Greer, and Felix Williams.   The TCCA denied relief on the merits.   *Brown II*, 2019 WL 931735, at *6-7.   However, Brown did not present this claim in his § 2254 Petition or in any amendment filed during the limitations period.   Because Brown did not previously raise this claim and the limitations period has now expired, Claim 3 is time barred, and so leave to amend to present that claim is **DENIED**.

**Claim 4** argues that Brown's attorney on direct appeal rendered ineffective assistance by failing to raise every issue presented in the motion for a new trial.   Claim 4 is untimely because it

was not presented in the original § 2254 Petition or in any proposed amendment filed during the limitations period.  The claim also does not relate back to any claim presented in the § 2254 Petition, none of which challenges the conduct of appellate counsel.

Claim 4, which was included in Brown's Motion for Leave to File Fifth Amended § 2254 Petition, also was not exhausted in state court.  Although Brown raised the issue in his motion seeking a second post-conviction hearing, *see Brown II*, 2019 WL 931735, at *11 n.4, that is insufficient to properly exhaust the claim.  (*See* ECF No. 60 at PageID 3874-75.)  The Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), is inapplicable to claims of ineffective assistance of appellate counsel.  *Davila v. Davis*, 582 U.S. 521, 524-25 (2017).  Leave to amend to assert Claim 4 is **DENIED**.

**Claim 5** complains that trial counsel rendered ineffective assistance by failing to investigate and seek production of fingerprint evidence from the rifle casings found near Kimberly Jamerson's body.  This claim relates to the 7.62x39 shell casings found at the scene.  Claim 5 was presented in the Third Motion for Leave to Amend, (ECF No. 50), and the Motion for Leave to File Fifth Amended § 2254 Petition, (ECF No. 57).  In its May 17 Order, the Court concluded that Brown cannot overcome his procedural default under *Martinez* because he failed to develop the factual basis for this claim in state court.  (ECF No. 60 at PageID 3872-73, 3875.)  The bullet casings were not tested for fingerprints at the time, and cannot be tested now to show prejudice.  *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1728, 1734 (2022).  Brown therefore cannot establish that his post-conviction counsel and his trial counsel were ineffective.

In addition, Claim 5 appears to be plainly meritless.  TBI Special Agent Steve Scott testified at trial that the bullet fragments removed from Kimberly Jamerson's head match a .30 carbine caliber bullet.  (ECF No. 42-22 at PageID 2467, 2476, 2510.)  Scott testified that those

bullet fragments are not consistent with the 7.62 cartridge cases.  (*Id.* at PageID 2468.)   The

TCCA summarized Scott's testimony about the 7.62x39 shell casings:

> Special Agent Scott opined that while the 7.62x.39 cartridges are a .30 caliber class
> bullet, the .30 caliber class bullet fragment was not consistent with the 7.62x.39
> casing.   He said that it would be very rare to see a 7.62x.39 cartridge loaded with the
> type of .30 caliber bullet found at Northmeade.   He stated that the .30 caliber bullet
> fragment was "much more common to something like a .30 carbine, which is the
> name of a cartridge that's typically fired ... in a military M 1 rifle."   Special Agent
> Scott also examined the bullet fragments recovered during Kimberly Jamerson's
> autopsy.   He determined that the autopsy bullet fragments matched the .30 carbine
> caliber bullet fragments found at Northmeade and that the autopsy fragments and the
> Northmeade fragments were fired from the same firearm.

*Brown I*, 2014 WL 5092906, at *9.

Leave to amend to assert Claim 5 is **DENIED**.

**Claim 6** argues that trial counsel rendered ineffective assistance by failing to investigate

and request the results of Kimberly Jamerson's gunshot residue test.   The theory of Claim 6

appears to be that Jamerson might have accidentally shot herself.   This claim was first presented

as Claim 6 of the Fifth Amended § 2254 Petition.   It has been procedurally defaulted and is

substantively meritless for the reasons stated in the May 17 Order.   (ECF No. 60 at PageID 3876.)

**Claim 7** argues that trial counsel was ineffective in failing to move for a new trial due to a

prejudicial lineup.   Claim 7 was not properly exhausted in state court.   It is also meritless for the

reasons stated in the May 17 Order.   (*Id.* at PageID 3876.)

**Claim 8** argues that trial counsel was ineffective in failing to argue that the detectives who

took Brown's statement failed to honor his invocation of his right to remain silent.   It is also

without merit for the reasons stated in the May 17 Order.   (*Id.* at PageID 3877.)

For the foregoing reasons, leave to amend is **DENIED**.   This Order is final and will not

be reconsidered.

### B.      Motion for Reconsideration (ECF No. 63)

ECF Nos. 63 and 64 consist of a Motion for Reconsideration and supporting memorandum. That filing asks the Court to revisit its May 17 Order.   Although the motion purports to be brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, that rule does not apply because no final judgment has been entered.   A motion for reconsideration of a nonfinal order is governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that "any order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."   Rule 7.3 of this Court's local rules limits the ability of parties to file motions for revision of interlocutory orders.   *See* LR 7.3.   The only such motions permitted are those that comply with Local Rule 7.3(b).   *See id.* at 7.3(a)-(b).   That rule provides as follows:

> (b)      Form and Content of Motion to Revise.   A motion for revision must specifically show: (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

*Id.* at 7.3(b).   Rule 7.3(d) also prohibits the moving party from repeating the arguments previously made.

Brown's Motion for Reconsideration does not comply with Local Rule 7.3(b) and (d).   The substance of the Motion is largely incomprehensible except insofar as Brown complains that the Court failed to acknowledge a document, titled Second Amended 28 U.S.C. 2254 Petition for Writ of Habeas Corpus, Supplemented Grounds Four Through Eight [4-8], (ECF No. 59), which was received on May 16, 2023, and docketed on May 17, 2023, shortly before entry of the Court's

11

May 17 Order.   This filing was apparently meant to supplement and clarify the Fifth Amended § 2254 Petition, (ECF No. 57), which had been submitted two months earlier.

It is unnecessary to address the substance of the Motion for Reconsideration because it does not argue that the Court's order was incorrect based on the record at the time.   In addition, Brown has abandoned his Fifth Amended § 2254 Petition, having chosen instead to file a new proposed amendment on the official form, his Sixth Amended § 2254 Petition.   (ECF No. 62.) Therefore, the Motion for Reconsideration is **DENIED**.

### C.    Motion Showing Cause and Prejudice (ECF No. 68)

The gist of this motion is that Claims 4 through 8 in the proposed Fifth Amended § 2254 Petition (which are reasserted in the Sixth Amended § 2254 Petition) are not barred by procedural default.   Some of these claims are included in Brown's *pro se* post-conviction petition (ECF No. 42-34 at PageID 3139-40, 3142-43, 3143-44, 3151), but those claims were not pursued at the post-conviction hearing.   At the conclusion of Brown's testimony, counsel asked Brown if there were any other issues he wanted to raise.   (ECF No. 42-35 at PageID 3337.)   Brown did not mention Claims 4 through 8 at that time.   (*See id.* at PageID 3337-45.)   Instead, his post-conviction appellate counsel attempted to resurrect those claims in his brief to the TCCA on the post-conviction appeal, in which he asked for a second post-conviction hearing.   (ECF No. 42-38 at PageID 3401, 3442-57.)[2]

The post-conviction court denied relief and the TCCA affirmed, holding that the new claims were waived.   *Brown II*, 2019 WL 931735, at *11-14.   The TCCA relied on Tennessee

---

[2]   The May 17 Order incorrectly stated that Brown filed a motion seeking a second post-conviction hearing.   (ECF No. 60 at PageID 3874-75.)   In fact, Brown did not do so.   Instead, after deliberately choosing not to introduce evidence on these claims, Brown sought to resurrect them in his brief to the TCCA on the post-conviction appeal.   This approach is not an adequate way to fairly present Claims 4-8 to the state courts.   *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Code Annotated § 40-30-106(g), which provides, with limited exceptions not applicable here, that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been waived." *Id.* at *13-14. Tennessee's waiver rule is a firmly established and regularly enforced state procedural rule that bars federal habeas review. *See, e.g., Hutchison v. Bell*, 303 F.3d 720, 738 (6th Cir. 2002) (collecting cases); *Curtis v. Boyd*, No. 3:20-cv-00559, 2023 WL 2699973, at *43 (M.D. Tenn. Mar. 29, 2023), *appeal filed* (6th Cir. Apr. 26, 2023).

The Motion Showing Cause and Prejudice is **DENIED**.

### D.   Motions to Hold in Abeyance (ECF Nos. 71, 72)

Brown filed two motions to have this matter held in abeyance while he attempts to exhaust some of his claims that the 7.62x39 shell casings should have been tested for fingerprints and DNA. (*See* ECF No. 72-1 at PageID 4311-12.) Specifically, Brown contends that he filed in the Shelby County Criminal Court a document, titled Petition for DNA Post-Conviction Relief[,] Petition for Post Conviction Finger Print Analysis [, and] Petition for Writ of Error Coram Nobis in the Shelby County Criminal Court, (ECF No. 72-2), and another, titled Motion to Take Judicial Notice of the Fact that Neither of the Original Judgments Contain the Statutorily Mandated "File Stamp" and Therefore Have Never Been Lawfully Filed Pursuant [to] *Graham v. State*, 90 S.W.3d 687, 690 (Tenn. 2002)[,] Motion to Initiate Post-Judgment Proceedings Pursuant to *State v. Bobby Lee Robinette*, 2015 WL 4745065, After the Clerk Affixes the Mandatory "File Stamp" Upon the Judgments[,] and Motion for New Trial Pursuant to Newly Entered Judgments Which Bear the Statutorily Mandated File Stamp of the Court Clerk, (ECF No. 72-3). The mere act of initiating these tardy state court criminal filings, however, does not meet the threshold for abeyance.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a habeas petition containing exhausted and unexhausted claims to permit the petitioner to return to state court to exhaust the remainder of his claims. However, stay and abeyance is not available as a matter of right. The Supreme Court explained:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277.

Brown has not satisfied these standards. First, he has not provided a reasonable explanation for why he waited until July 2023 to file these state-court documents. The TCCA's decision in *Brown II*, which held that Brown did not have a right to another post-conviction hearing, was issued in February 2019—more than four years before these most recent filings. The Court has held that the purposed misconduct of Brown's two habeas attorneys, Golder and Evans, does not excuse his failure to properly exhaust these claims in state court. *See supra* p. 8. The Court also held that the claim about the 7.62x39 rifle casings is plainly meritless. *See supra* p. 14. The Motions to Hold in Abeyance are **DENIED**.

**III.     CONCLUSION**

For the reasons stated in this Order and the May 17 Order, the Court **DENIES** leave to amend with prejudice.   This decision is final and will not be reconsidered.   The only claims before the Court are those presented in the original § 2254 Petition.   (ECF No. 1.)

**IT IS SO ORDERED**, this 25th day of September, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE